CASE, KNOWLSON & JORDAN, LLP
Gary S. Mobley, P.C. (Bar No. 71984)
gmobley@gsmpc.com
620 Newport Center Dr., Suite 280
Newport Beach, California 92660
Telephone: 949 729-0700
Facsimile: (949) 729-0729

Timothy L. Alger (SBN 160303)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100 (fax)

Attorneys for Plaintiff
SUMMIT MEDIA, LLC

ROCKARD J. DELGADILLO,
   City Attorney (SBN 125465X)
JERI L. BURGE,
   Assistant City Attorney (SBN 102630)
STEVEN N. BLAU,
   Deputy City Attorney (SBN 150723)
200 North Main Street
700 City Hall East
Los Angeles, California 90012
Telephone Number 213.978.8244
Fax Number 213.978.8214
E-Mail:  Steve.Blau@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

IRELL & MANELLA LLP
Laura W. Brill (195889)
lbrill@irell.com
Richard Simon (240530)
rsimon@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Intervenor-Defendant
CBS OUTDOOR INC.

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
(State Bar No. 120162)
kellisager@dwt.com
ANDREW J. THOMAS
(State Bar No. 159533)
ajthomas@dwt.com
JANET L. GRUMER
(State Bar No. 232723)
janetgrumer@dwt.com
865 S. Figueroa St.
Suite 2400
Los Angeles, California 90017-2566
Telephone (213) 633-6800
F (213) 633-6899

Attorneys for Intervenor-Defendant
CLEAR CHANNEL OUTDOOR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMIT MEDIA LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF LOS ANGELES, California charter city, and LOS ANGELES DEPARTMENT OF BUILDING AND SAFETY,<br><br>　　　　　Defendants. | Case No. CV 07-2649 RSWL (AJWx)<br><br>STIPULATED PROTECTIVE ORDER |

1 | CBS OUTDOOR, INC., a Delaware )
corporation, and CLEAR CHANNEL )
2 | OUTDOOR, INC., a Delaware )
corporation, )
3 | )
          Intervenor-Defendants. )
4 | _____ )

5 | **STIPULATED PROTECTIVE ORDER**

6       Whereas Plaintiff Summit Media, LLC ("Summit") and Intervenor-

7 Defendants Clear Channel Outdoor, Inc. ("Clear Channel") and CBS Outdoor, Inc.

8 ("CBSO"), parties to the action entitled Summit Media, LLC v. City of Los Angeles,

9 Case No. CV 07 2649 RSWL (the "Action") – each believe that certain information

10 that is or will be encompassed by discovery demands that have been or may be

11 made by one upon the other, or by a party upon a non-party, constitutes confidential

12 trade secrets and/or commercial information within the meaning of Federal Rule of

13 Civil Procedure ("Rule") 26(c); whereas the Court determines that such parties have

14 made a showing that "good cause" exists to believe that public disclosure and/or

15 unfettered disclosure of such information will result in prejudice or competitive

16 harm; and whereas such parties and Defendant City of Los Angeles

17 ("City")(collectively, "parties") each believe that it would serve its interests to

18 conduct discovery and proceedings herein under a protective order pursuant to Rule

19 26(c); the parties to this Action have stipulated to provide access to and accept such

20 information, documents and things, subject to certain protective provisions

21 hereinafter set forth.

22       IT IS HEREBY ORDERED as follows:

23       1.     This Protective Order shall apply to all information, documents and

24 other items subject to discovery in this Action, including without limitation

25 testimony adduced at depositions upon oral examination or upon written questions

26 pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33,

27 documents produced pursuant to Rule 34, information obtained from inspection of

28 premises or things pursuant to Rule 34, answers to requests for admission pursuant

1   to Rule 35, and documents, things, or testimony obtained from non-parties pursuant

2   to Rule 45, and regardless of whether the material is filed with the Court.

3       2.      As used in this order, "Confidential Material" shall mean any document

4   or information that the party or non-party producing the discovery (hereinafter

5   "Producing Party") believes in good faith to include sensitive confidential business

6   or technical information that would not ordinarily be disclosed publicly and which,

7   if disclosed publicly, could prejudice the business interests of the Producing Party.

8       3.      Any document, or portion thereof, and any other form of evidence or

9   discovery contemplated under Rules 26 through 36 and 45 that, in the good faith

10   opinion of the Producing Party, contains Confidential Material may be designated

11   by the Producing Party as "Confidential."  Confidential Material, designated as such

12   in accordance with this Order, shall be disclosed or made available only to persons

13   specified in Paragraph 7 herein, and is not to be copied or otherwise reproduced

14   except for the limited purpose of conducting this litigation, including preparing

15   exhibits for affidavits, depositions, hearings, or for trial.  All copies of material

16   properly designated as "Confidential," and all extracts, abstracts, charts, summaries,

17   compilations, notes, and other documents derivative from material properly

18   designated as "Confidential," shall be Confidential Material.

19       4.      Any document, or portion thereof, and any other form of evidence or

20   discovery contemplated under Rules 26 through 36 and 45 that, in the good faith

21   opinion of the Producing Party, contains highly sensitive business information and

22   its public disclosure poses a risk of competitive or other harm to the Producing

23   Party, may be designated by the Producing Party as "Highly Confidential."

24   Examples of materials that one or more parties considers to be "Highly

25   Confidential" Material include, but are not limited to, organizing documents of the

26   company, partnership agreements, financial information, business strategies, sign

27   locations and other details regarding signs such as size and height, and permit and

28   enforcement information of the Producing Party, the identity of and agreements and

1914370

STIPULATED PROTECTIVE ORDER

communications with potential or actual suppliers, vendors, professionals, partners, financers, employees, independent contractors, agents, clients, advertisers, or lessors, the acquisition or potential acquisition of property rights, market projections or forecasts, selling or marketing strategies, and all copies, extracts, summaries, compilations, charts, or abstracts of the foregoing.  Material designated as "Highly Confidential" in accordance with this Order shall be disclosed or made available only to persons specified in Paragraph 7 herein, and is not to be copied or otherwise reproduced except for the limited purpose of conducting this litigation, including preparing exhibits for affidavits, depositions, hearings, or for trial.  All copies of material properly designated as "Highly Confidential," and notes and other documents derivative from material properly designated as "Highly Confidential," shall be Highly Confidential Material.

5.     All documents produced herein by each party shall bear identifying numbers at the time a copy is given to the party receiving the discovery responses (hereinafter "the Receiving Party").  In the case of material or information disclosed in a non-paper medium (*e.g.*, slides, computer disks, audiotape), the identifying number may be affixed on the outside of the medium or any container.

6.     Confidential Material and Highly Confidential Material may be made subject to the Protective Order as follows:

(a)     With respect to documents or copies provided by the Producing Party to the Receiving Party, by marking the initial page and the page or pages on which any Confidential Material appears with the legend "CONFIDENTIAL UNDER PROTECTIVE ORDER," and by marking the initial page and the page or pages on which any Highly Confidential Material appears with the legend "HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER."  The Producing Party shall so mark documents or copies prior to or at the time of supplying them to the other party.

(b)     With respect to documents or copies produced by the Producing Party for inspection by opposing counsel, such documents are deemed to be, and shall be treated as, Highly Confidential documents, whether or not so marked, unless and until opposing counsel requests copies of such documents and the Producing Party supplies such copies to opposing counsel.  Copies of such documents supplied to opposing counsel shall be made subject to this Order if, prior to or at the time of supplying them to opposing counsel, the Producing Party marks such copies as "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER," as provided in Paragraph 6(a) above.

(c)     In the case of depositions, if a question contains, or if a question calls for an answer that contains, or if an exhibit contains Confidential Material or Highly Confidential Material, counsel may designate on the record during the deposition the information that contains Confidential Material or Highly Confidential Material that is to be made subject to the provisions of this Order. Persons not permitted access to such information pursuant to this Order may be excused from the deposition during the portion thereof disclosing the protected information.  Moreover, the court reporter shall be instructed to mark the deposition transcript accordingly.  The parties will use their best efforts to make all such designations during the deposition.  A Producing Party may later designate testimony or information disclosed at a deposition as Confidential or Highly Confidential by notifying all parties in writing, within thirty (30) days after being notified by the court reporter or any party that the transcript is available, of the specific pages and lines of the transcript that is to be designated Confidential or Highly Confidential.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.  If no confidentiality designation is made at the time of a deposition, such deposition nonetheless shall be treated as Highly Confidential information from the taking of

1  the deposition until thirty (30) days after being notified by the court reporter or any

2  party that the transcript is available.

3          (d)    In the case of responses to interrogatories or other discovery

4  requests, or responses, affidavits, briefs, memoranda or other papers filed with the

5  Court, information contained therein may be designated as Confidential or Highly

6  Confidential by prominently marking the cover of such paper "CONFIDENTIAL

7  UNDER PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL UNDER

8  PROTECTIVE ORDER."  For interrogatory responses and documents filed with the

9  Court, if only a portion of the document contains Confidential Material or Highly

10  Confidential Material, then the information shall be designated as such by marking

11  only that portion "CONFIDENTIAL UNDER PROTECTIVE ORDER" or

12  "HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER."  Such

13  identification shall be made prior to or at the time the documents are filed with the

14  Court or served on another party.

15          (e)    In the case of Confidential Material or Highly Confidential

16  Material disclosed in a non-paper medium (*e.g.*, slides, computer disks, audiotape),

17  the notation "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "HIGHLY

18  CONFIDENTIAL UNDER PROTECTIVE ORDER" shall be affixed on the outside

19  of the medium or any container.

20          (f)    To the extent that information has been produced in this case

21  prior to the entry of this Order that a Producing Party desires to designate as

22  Confidential or Highly Confidential, the Producing Party may, within twenty (20)

23  days of the entry of this Order, designate any information as Confidential or Highly

24  Confidential by identifying in writing to the Receiving Party which such documents,

25  testimony or tangible objects should be treated as Confidential or Highly

26  Confidential.

27      7.    (a)    Disclosure of Confidential Material, and any analysis or report

28  containing Confidential Material shall be limited to the following:

- 6 -

1               (i)      As to Summit, Clear Channel, and CBSO, any

2 independent experts or consultants, who are not currently employed and have

3 not been employed within the past five years by any Receiving Party (and

4 personnel acting under their direct or indirect supervision), who do not have a

5 financial interest in any of the parties, who do not have a familial relationship

6 with any person who is a principal, member, employee, officer, or director of

7 the parties, and whose advice and consultations are being used or will be

8 used by the Receiving Party in connection with preparation for trial or other

9 evidentiary hearing in this Action;

10                   As to the City, any independent experts or

11 consultants who are not currently employed and have not been employed

12 within the past five years by Summit, Clear Channel or CBSO, who do not

13 have a financial interest in any of the parties, who do not have a familial

14 relationship with any person who is a principal, member, employee, officer,

15 or director of the parties, and whose advice and consultations are being used

16 or will be used by the Receiving Party in connection with preparation for

17 trial or other evidentiary hearing in this Action;

18                all provided, however, that:

19            (1)    the name, business address, and current employment

20 (if any) of any such expert or consultant, and a signed undertaking to be bound by

21 the terms of this Order in the form of Exhibit A hereto, shall be furnished to counsel

22 for the Producing Party, by electronic mail and overnight courier, at least ten (10)

23 calendar days prior to the first disclosure of Confidential Material (or Highly

24 Confidential Material) to that expert or consultant;

25           (2)    The Producing Party shall then have five (5)

26 business days to serve, by electronic mail and overnight courier, the Receiving Party

27 seeking to make the disclosure with a written objection that sets forth the reasons for

28 objecting to such disclosure.  If no such objection is served, Confidential Material

and Highly Confidential Material may be disclosed to the independent expert or counsel at the conclusion of the five (5) business day period;

(3)  If such written objection is served within the five (5) business day period, the Receiving Party shall not proceed with disclosure to the identified expert or consultant and the Producing and Receiving Party shall confer within ten (10) calendar days following service of the written objection.  If agreement cannot be reached with respect to disclosure of Confidential Material or Highly Confidential Material to the independent expert or consultant, the Producing Party shall move this Court in compliance with Local Rules for a protective order prohibiting or otherwise limiting such independent expert or consultant from access to the Producing Party's Confidential Material or Highly Confidential Material.  In such case, no disclosure shall be made to the expert or consultant until the Court has ruled on the motion.  If the Producing Party does not serve its moving papers within seven (7) calendar days following the conference with the Receiving Party, the Producing Party's objection shall be deemed waived.  It is not the intent of this subparagraph to assign the burden of persuasion on such motion to either the Producing Party or to Receiving Party;

(ii)  The parties' outside counsel and personnel employed by outside counsel in this Action, including specifically the following outside counsel set forth below and their personnel.  For purposes of this protective order, attorneys and staff of the City of Los Angeles Office of the City Attorney shall be deemed to be acting as outside counsel for the City of Los Angeles.

**Attorneys for SUMMIT**

CASE, KNOWLSON & JORDAN, LLP

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**Attorneys for CITY OF LOS ANGELES**

OFFICE OF THE CITY ATTORNEY OF LOS ANGELES

**Attorneys for CBS OUTDOOR, INC.**

IRELL & MANELLA LLP

**Attorneys for CLEAR CHANNEL OUTDOOR, INC.**

DAVIS WRIGHT TREMAINE LLP

(iii)    Personnel of the Court and all appellate courts for this Action, and court reporters and/or videographers and necessary support personnel of such court reporters and/or videographers retained in connection with any hearing or trial of this Action or in connection with any depositions taken by any party in this litigation to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition;

(iv)    Jury consultants, mock jurors, focus group members, or research group participants selected by jury consultants, by jury consultants or by trial counsel in preparation for trial, provided that such persons agree to be bound by the terms of this Order and do not retain any Confidential Material or Highly Confidential Material;

(v)    Independent litigation support vendors, including legal interpreters, document reproduction services, computer imaging services, and demonstrative exhibit services;

(vi)    Non-party individuals who either are designated in the document or material itself as an author or recipient thereof, or are otherwise shown to have authored or received the designated document or material, provided that the disclosure to such non-parties shall be limited to the specific Confidential Material (or any Highly Confidential Material) originally disclosed to such individuals in the particular document.  Such non-party individuals shall not retain any Confidential Material (or any Highly Confidential Material) without the consent of the Producing Party;

(vii)   Deponents who are employees or former employees of the Producing Party, provided that such employees may only be shown documents or material produced by their employer that were created before or during the time of their employment; and

(viii)  Up to two (2) employees, to be named, of each party, including both employees within and outside the party's law departments, who are assisting in the prosecution or defense of this Action, provided, however, that each employee has signed an undertaking to be bound by the terms of this Order in the form of Exhibit A hereto and a copy is served by electronic mail and overnight courier to the Producing Party five (5) calendar days prior to the first disclosure of any of the Producing Party's Confidential Material to such employee.

(b)     Highly Confidential Material, and any analysis or report containing Highly Confidential Material, shall not be made public by the Receiving Party nor used for any purpose other than this Action, and shall not be divulged to anyone other than persons described in Paragraph 7(a)(i)-(vii).

8.     In the event that any Receiving Party receives a subpoena or other process or order to produce Confidential Material or Highly Confidential Material, such party shall notify the counsel of record of the Producing Party of the document sought by such subpoena or other process or order, shall provide counsel for the Producing Party a copy of said subpoena, process, or order, and shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose information may be disclosed.  The party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order.  The party receiving the subpoena, process, or order shall be entitled to comply with it except to the extent the Producing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing the subpoena.

9.     Any document containing Confidential Material or Highly Confidential Material that is to be filed with the Court, shall be filed with the Court pursuant to the procedures set forth in Local Rule 79-5.

A second copy of the pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers to assure that it is brought promptly to the Court's attention, provided that the pleading or paper is placed in a sealed envelope or other appropriate sealed container marked with the title and docket number of this Action, an identification of the nature of the contents of the sealed envelope or container, and a statement substantially in the following form:

SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO. CV07-2649 R SWL (AJWx).  This envelope, containing documents that are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court.

10.     The parties shall provide, when practicable, advance notice to the Court and other parties when they intend to use Confidential Material or Highly Confidential Material in court proceedings.  A party may use any material designated as Confidential or Highly Confidential during depositions, hearings, trial, or other proceedings held in this Action, subject to the access and use limitations in Paragraphs 7 and 8, the rules of evidence, and subject to such further order as this Court may enter.

11.     The information produced by the parties or a non-party pursuant to pretrial discovery in this Action may be used and disclosed only for purposes of this Action.  No party or person shall make any other use of any such information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by a court order.

12.     Inadvertent production of privileged attorney work-product or information (despite the parties' best efforts to pre-screen such material prior to its production) shall not be deemed a waiver of any attorney-client privilege or attorney

work-product immunity that may apply thereto if the Producing Party took reasonable precautions to prevent the disclosure of the inadvertently-produced document. Upon written request, the Receiving Party shall promptly return the inadvertently-produced material. If the Receiving Party disputes in court whether the inadvertently-produced document is privileged or that a privilege has been waived, the Receiving Party shall not withhold return of the inadvertently-produced material pending resolution of that dispute. Notwithstanding the above, it is not the intent of this paragraph to either extend or diminish the scope of any attorney-client privilege or work-product immunity that may apply to the inadvertently produced material.

13.   Inadvertent production of information, documents, or other items without marking or otherwise designating such material as Confidential Material or Highly Confidential Material (despite the parties' best efforts to pre-screen such material prior to its production) does not waive its status as Confidential Material or Highly Confidential Material if a written request for reclassification of the material is made promptly after the Producing Party learns of its inadvertent production. Disclosure by the Receiving Party of such material prior to receipt of such notice shall not be deemed a violation of this Order; however, those persons to whom such disclosure was made are to be advised promptly that the disclosed material is Confidential Material or Highly Confidential Material and must be treated in accordance with this Order.

14.   No copies of Confidential Material or Highly Confidential Material shall be made except by or on behalf of attorneys of record in this case or persons otherwise bound by this Order. Any attorneys or other persons bound by this Order who make or cause to be made copies of Confidential Material or Highly Confidential Material shall maintain all such copies within their possession or the possession of others who are entitled to access to such Confidential Material or Highly Confidential Material under this Order.

15.     Confidential Material and Highly Confidential Material provided to a Receiving Party under this Order shall be maintained in a secure and safe area, and the Receiving Party shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material, as is exercised by the Receiving Party with respect to its own proprietary information. Each individual who receives Confidential Material or Highly Confidential Material pursuant to this Order shall be deemed to have consented to the personal jurisdiction of this Court for the purpose of enforcement of this Order.

16.     Nothing in this Order shall be deemed to preclude any party from seeking and obtaining modifications of this Order or obtaining any other orders of protection, including, but not limited to, modifications or orders which would provide additional protection with respect to the confidentiality of documents or other discovery materials or which would allow disclosure of documents or other discovery materials to persons not specified in this Order.

17.     Nothing herein shall be construed as affecting any party's ability to use any information designated as Confidential or Highly Confidential under this Order if the Receiving Party, its counsel or independent experts or consultants can show that the information:  (a) is at the time of disclosure, or thereafter becomes, through no act or omission by the Receiving Party or its employees, a part of the public domain; (b) is subsequently independently developed by the Receiving Party without reliance on the Confidential or Highly Confidential Material or was in the Receiving Party's lawful possession prior to disclosure; or (c) was lawfully disclosed to the Receiving Party by a non-party that did not acquire the information under an obligation of confidentiality from or through the Producing Party.  This Protective Order shall not supersede or waive any confidentiality obligations that exist independently of this Order.  This Protective Order shall not supersede or waive the rights of any party to obtain other information from any governmental agency, including but not limited to the City, pursuant to public records laws.  Nor shall this

1    Protective Order affect rights any party has to object to or to take steps to prevent

2    the disclosure of information or documents in the custody of any governmental

3    agency, including the City.  Nor does this Protective Order limit the relief otherwise

4    available in the event of an improper disclosure.

5          18.    (a)    Nothing herein, nor acceptance by a Receiving Party of

6    Confidential Material or Highly Confidential Material, shall be construed as an

7    agreement or admission:  (i) that any information, document or other items

8    designated as Confidential Material or Highly Confidential Material is in fact

9    confidential, trade secret, or competitively-sensitive material; or (ii) with respect to

10   the competency, relevance or materiality of any such information, document,

11   testimony, or tangible object.  The parties reserve the right to make any and all

12   objections as to the admissibility of the material produced subject to this Order until

13   trial of this case.

14          (b)    This Order has been entered to facilitate discovery and

15   presentation of evidence to the Court.  Neither the designation of any information,

16   document, testimony or tangible object as Confidential or Highly Confidential, nor

17   the failure to make such designation, shall constitute evidence with respect to any

18   issue in this Action.

19         19.    A party shall not be obligated to challenge the propriety of a

20   Confidential or Highly Confidential designation at the time made, and a failure to do

21   so shall not preclude a subsequent challenge thereto.  In the event that any party to

22   this litigation disagrees at any point in these proceedings with the designation by the

23   Producing Party of any information as Confidential or Highly Confidential, the

24   parties shall try first to dispose of such dispute in good faith on an informal basis.  If

25   the dispute cannot be resolved, the Receiving Party shall inform the Producing Party

26   in writing that the material should not be deemed confidential and shall cite this

27   paragraph.  The party objecting to the "Confidential" or "Highly Confidential" status

28   of a document must present a motion to the Court objecting to such status.  On any

1    such motion, the proponent of the "Confidential" or "Highly Confidential"

2    designation shall bear the burden of proof. The document shall continue to have

3    such status unless and until such a motion is presented, and during the pendency of

4    any such motion.

5        20.    Absent an agreement to the contrary among any of the parties, the

6    following terms shall govern the status of Confidential and Highly Confidential

7    Materials following the conclusion of this Action. Upon the conclusion of this

8    Action, including any appeals, all Confidential and Highly Confidential Materials

9    shall immediately become the sole property of the Producing Party. All such

10    documents shall be returned to the Producing Party immediately following the

11    conclusion of this Action, including any appeals. Such documents shall not be a

12    public record for purposes of any disclosure obligation the City may have to third

13    parties. No intervening public records request shall prevent the return of these

14    materials to the Producing Party or shall permit the City to produce the material to

15    any person other than to return the materials to the Producing Party. All deposition

16    transcripts and exhibits containing Confidential or Highly Confidential Material

17    shall likewise become the sole property and returned to the party associated with

18    that witness. In the case of a deposition of a City witness that includes material

19    marked as Confidential or Highly Confidential, the material shall become the sole

20    property of and returned to the party that produced the underlying information. This

21    Court shall retain jurisdiction to enforce the terms of any agreement entered into

22    among any of the parties to alter the provisions of this paragraph.

23        21.    Insofar as the provisions of this and any other Protective Orders entered

24    in this Action restrict the communication and use of information produced

25    thereunder, such Orders shall continue to be binding after the conclusion of this

26    Action except (a) that there shall be no restrictions on documents that are used as

27    exhibits in Court (unless such exhibits were filed under seal); and (b) that a party

28

1  may seek the written permission of the Producing Party or further order of the Court

2  with respect to dissolution or modification of any such Protective Orders.

3        22.    Nothing in this Order shall in any way affect or restrict the right of the

4  Producing Party to disclose or use for any purpose the information, documents, or

5  other items produced and/or designated by it as Confidential Material or Highly

6  Confidential.

7        23.    This Order shall not prevent any party from applying to the Court for a

8  further order of injunctive or other relief, and shall not preclude any party from

9  enforcing its rights at law or in equity with respect to any information, document, or

10  thing against any other person, including another party, believed to be violating the

11  rights of any party.

12

13  Dated:  August 20, 2008           CASE, KNOWLSON & JORDAN, LLP

14

15

16                          By:      /s/
                        Gary S. Mobley, P.C.

17                          Attorneys for Plaintiff
                        SUMMIT MEDIA LLC

18

19  Dated:  August 20, 2008           QUINN EMANUEL URQUHART
                        OLIVER & HEDGES, LLP

20

21

22                          By:      /s/
                        Timothy L. Alger

23                          Attorneys for Plaintiff
                        SUMMIT MEDIA LLC

24

25                [SIGNATURES CONTINUED ON NEXT PAGE]

26

27

28

1

2   Dated:  August 20, 2008                    Rockard J. Delgadillo, City Attorney
                                               Jeri L. Burge, Assistant City Attorney
3                                              Steven N. Blau, Deputy City Attorney

4

5                                              By: _____/s/_____
                                                     Steven N. Blau
6                                                    Attorneys for Defendant
7                                                    CITY OF LOS ANGELES

8   Dated:  August 20, 2008                    IRELL & MANELLA LLP
9                                              Laura W. Brill
                                               Richard Simon
10

11

12                                             By: _____/s/_____
                                                     Laura W. Brill
13                                                   Attorneys for Intervenor-Defendant
14                                                   CBS OUTDOOR, INC.

15  Dated:  August 20, 2008                    DAVIS WRIGHT TREMAINE LLP
16                                             Kelli L. Sager, Esq.
                                               Janet L. Grumer, Esq.
17                                             Andrew J. Thomas, Esq.

18

19

20                                             By: _____/s/_____
                                                     Andrew J. Thomas
21                                                   Attorneys for Intervenor-Defendant
                                                     CLEAR CHANNEL OUTDOOR,
22                                                   INC.

23  **IT IS SO ORDERED:**

24

25  Dated:  8/22/2008                             Andrew J. Wistrich

26                                             United States Magistrate Judge

27

28

- 17 -

1

**EXHIBIT A**

2

**IN THE UNITED STATES DISTRICT COURT**

3

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

4

SUMMIT MEDIA LLC, a California   ) Case No. CV 07-2649 RSWL (AJWx)
limited liability company,

5                                ) STIPULATED PROTECTIVE ORDER

              Plaintiff,          )

6                                )

7        v.                       )

8  CITY OF LOS ANGELES, California )
   charter city, and LOS ANGELES  )
   DEPARTMENT OF BUILDING AND     )

9  SAFETY,                        )

10            Defendants.         )

11  ─────────────────────────     )

12  CBS OUTDOOR, INC., a Delaware  )
    corporation, and CLEAR CHANNEL )
    OUTDOOR, INC., a Delaware      )

13  corporation,                  )

14        Intervenor-Defendants.  )

15  ─────────────────────────     )

16        UNDERTAKING OF _____

17        I, _____, state that:

18        1.    My address is _____.

19        2.    My present employer is _____, and the

20  address of my present employment is _____.

21        3.    My present job or occupation is: _____.

22        4.    I have no prior or current affiliation with the parties to this Action, OR

23  [explain any prior or current affiliation other than expert consultation in connection

24  with this litigation] _____

25  _____.

26        5.    I have carefully read and understand the attached Stipulated Protective

27  Order (the "Order") which has been entered by the United States District Court for

28  the Central District of California in an action captioned *Summit Media, LLC v. City*

09325/2599508.1Err
or! Unknown
document property
name..

- 1 -

STIPULATED PROTECTIVE ORDER

1   *of Los Angeles*, Case No. CV 07-2649 RSWL (AJWx).  The initially capitalized

2   terms in this Undertaking shall have the meanings supplied in the Order.

3       6.    Pursuant to the Order, I may be given access to Confidential Material

4   and/or Highly Confidential Material in the above-referenced action.  As a condition

5   of access to that Confidential Material and/or Highly Confidential Material, and in

6   consideration of that access, (a) I agree that I shall be bound by and comply with all

7   the terms of the Order, including those limiting disclosure and use of Confidential

8   Material and Highly Confidential Material, (b) I agree that I shall use any

9   Confidential Material and/or Highly Confidential Material that is disclosed to me

10  only for purposes of this action, and (c) I agree that I shall return all such material

11  that comes into my possession to counsel for the party by whom I am retained.

12      7.    I submit to the jurisdiction of the United States District Court for the

13  Central District of California for the enforcement of the Order.

14      8.    By reason of this Undertaking, the obligations imposed on me by the

15  Order shall be enforceable by the Producing Party to redress any breach of the Order

16  or this Undertaking.

17      9.    I have executed this Undertaking in duplicate on

18  _____ whereupon it becomes binding in accordance with its

19  terms.

20      I declare under penalty of perjury under the laws of the United States of

21  America that the foregoing is true and correct.

22      Executed this _____ day of _____, 200__ in _____.

23

24      _____

25

26

27

28